| Case No. | **CV 19-8115-DMG (GJSx)** | Date | January 31, 2020 |
|---|---|---|---|

| Title | *Bella + Canvas, LLC v. Ben Wachter Associates, Inc. et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE RE PLAINTIFF'S REQUEST TO ENTER DEFAULT AGAINST DEFENDANT BRANDS OF THE WORLD IN AMERICA S.A. [19]**

Plaintiff Bella + Canvas, LLC filed a request for the Clerk to enter default against Defendant Brands of the World America, S.A. ("Brands") on January 16, 2020. Request [Doc. # 19.] The Request states that Plaintiff served Brands, a Nicaraguan corporation, in Nicaragua on November 26, 2019 by having a local process server deliver the process documents to Brands' Chief Operating Officer's assistant, and then mailing the process documents to Brands' address by first-class mail. *See* Proof of Service [Doc # 16]. Shortly after Plaintiff filed the Request, the Clerk referred the Request to the Court for a determination of whether Plaintiff properly served Brands. [Doc. # 20.]

Based on a review of the Request and its supporting documents, the Court is concerned that service was improper for two reasons. First, it appears that Plaintiff may have served Brands with the California state court process documents after Defendant Ben Wachter Associates, Inc. removed the action to this Court. The Federal Rules of Civil Procedure state that the federal rules, "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). The Ninth Circuit has held that "where the defendant has never been put on notice of the state court proceeding prior to removal . . . the federal court cannot 'complete' the state process by permitting it to be served after removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of Civil Procedure." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967) ("The state court process becomes null and void on the date the action is removed to the federal court."); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988); *Smallwood v. Allied Pickfords*, LLC, 2009 WL 3247180, at *12 (S.D. Cal. Sept. 29, 2009), *aff'd sub nom. Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011) ("Following removal, service of process

| Case No. | **CV 19-8115-DMG (GJSx)** | Date | January 31, 2020 |
|---|---|---|---|

| Title | *Bella + Canvas, LLC v. Ben Wachter Associates, Inc. et al.* | Page | 2 of 3 |
|---|---|---|---|

is technically ineffective if a plaintiff serves a defendant with a state court summons instead of a federal court summons.").[1]

Here, as Plaintiff acknowledges, Ben Wachter removed the case on September 23, 2019, and then Plaintiff served Brands "with the California complaint and summons on November 26, 2019." Holland Decl. at ¶¶ 2-3 [Doc. # 19-1].

Second, even if Plaintiff served Brands with the correct process documents, the Request suggests that its method of service may also have been defective. Rule 4(h) governs international service of process on foreign businesses. It authorizes plaintiffs to serve corporations located abroad in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . . ." Fed. R. Civ. P. 4(h)(2); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1237 (Fed. Cir. 2010) ("Fed. R. Civ. P. 4(h)(2) states that a foreign corporation served outside the United States must be served 'in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).'").[2] Plaintiff's primary method of serving Brands appears to have been by personal delivery. *See* Proof of Service at 1. Plaintiff also appears to have mailed the process documents to Brands, but the mail service provision in Rule 4(f) requires that the Clerk address and send the process documents to the defendant through mail requiring signed receipt. Fed. R. Civ. P. 4(f)(2)(C)(ii). There is no indication in the record that Plaintiff followed that procedure.

Rule 4 also states that plaintiffs may serve defendant corporations abroad through means "prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A). But Plaintiff has not submitted any information about whether Nicaragua condones the service method that Plaintiff used. Plaintiff attached to its Request a declaration from Nelson Tucker, who concludes that he hired a process server in Nicaragua to accomplish service and is "fully familiar with the requirements for service of process in every country." Holland Decl., Ex. A ("Tucker Decl.") at 1. Without further

---

[1] *Beecher* may not apply when the defendant served with the summons either initiated the removal or consented to it. *See Greenfield Advisors LLC v. Salas*, 733 F. App'x 364, 367 (9th Cir. 2018). Brands has done neither.

[2] Rule 4(h) provides for different procedures if the country within which service will take place is a signatory to an "internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(h), (f)(1). It appears that Nicaragua recently signed the Hague Convention, but its assent does not take effect until February 1, 2020. *See Hague Conference on Private International Law Conférence de La Haye de droit international privé*, Nicaragua accedes to the 1965 Service Convention, available at (https://www.hcch.net/en/news-archive/details/?varevent=691) (last visited January 31, 2020).

explanation as to whether Plaintiff has, in fact, abided by Nicaragua's applicable service of process rules, the Court cannot be sure that Plaintiff has complied with Rule 4.

Plaintiff is therefore **ordered to show cause** why the Court should not deny its Request for entry of default due to failure to accomplish effective service of process on Brands. Plaintiff shall respond to this order **in writing, not to exceed 10 pages**, by **February 10, 2020**.

**IT IS SO ORDERED.**